UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN REAVES,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-747-JD-MGG

WEXFORD MEDICAL SERVICE,

    Defendant.

## OPINION AND ORDER

Kevin Reaves, a prisoner without a lawyer, filed a complaint against Wexford Medical Service. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Reaves has sued Wexford Medical Services alleging that several medications were discontinued following his transfer to Miami Correctional Facility, that he was told he would need to schedule a provider visit to discuss this, and that he was told he

would be charged a $5.00 co-pay for that visit. As an initial matter, the constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

Additionally, Reaves has sued Wexford Medical Services, which is a corporate entity. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, Reaves does not challenge the policies or practices of Wexford Medical Services. Therefore, the complaint does not state a claim upon which relief can be granted.

Reaves can file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. He must put the cause number of this case, which is on the first page of this order, on any amended complaint. He must describe his interactions with each defendant he is suing in detail, including names, dates, locations, and an explanation how that defendant violated his rights. This narrative should be organized in numbered paragraphs. He must refer to each defendant by name each time he mentions them. Additionally, if Reaves seeks to pursue claims against Wexford Medical Services, he must identify the policies or practices that caused medical staff or correctional staff to violate his constitutional rights.

For these reasons, the court:

(1) GRANTS Kevin L. Reaves until **November 16, 2018**, to file an amended complaint; and

(2) CAUTIONS Kevin L. Reaves that, if he does not respond by that deadline, his case may be dismissed without further notice.

SO ORDERED on October 15, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT