UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN REAVES,

    Plaintiff,

    v.

WEXFORD MEDICAL SERVICE,

    Defendant.

CAUSE NO.: 3:18-CV-747-JD-MGG

## OPINION AND ORDER

Kevin Reaves, a prisoner without a lawyer, filed an amended complaint against the Indiana Department of Correction and Wexford Medical Service. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

As an initial matter, the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly

against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here, so he cannot state a claim against the IDOC.

Reaves has also sued Wexford Medical Services alleging that several medications were erroneously discontinued following his transfer to Miami Correctional Facility. As explained previously, Wexford Medical Services is a corporate entity. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Reaves was given an opportunity to identify the policies or practices that caused medical staff or correctional staff to violate his constitutional rights. Reaves cites to many policies in his amended complaint, but he does not allege that those policies caused a violation of his rights. Rather, he alleges that he was harmed because of Wexford Medical Services' failure to follow the policies he has identified. But, a violation of the prison's own policy does not equal a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Because Reaves has not identified any policy or practice of Wexford Medical Services that resulted in his medication being discontinued, his amended complaint does not state a claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on October 30, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT